NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NICHOLAS JAMES PACHECO, *Appellant.*

No. 1 CA-CR 19-0587

FILED 12-10-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-101181-001
The Honorable Roy C. Whitehead, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which
Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

**C R U Z**, Judge:

¶1　　　　This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Nicholas James Pacheco has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Pacheco was convicted of Count 1, possession or use of narcotic drugs, a Class 4 felony and Count 2, possession or use of dangerous drugs, a Class 4 felony. Pacheco was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we affirm Pacheco's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2　　　　We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Pacheco. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3　　　　Officers received a call for a suspicious person in a vehicle at a gas station. Upon arriving to the scene, officers observed a vehicle running with the key in the ignition, parked by the gas pumps. A male, later identified as Pacheco, was slumped down in the driver's seat, unconscious. Officers opened the car doors to wake Pacheco and remove him from the vehicle. As officers assisted Pacheco out of the car, they observed a clear bag with foil pieces in it and a white crystalline substance in plain view. Officers also detected the odor of marijuana in the vehicle. Pacheco had droopy eyes and he was slow to respond when speaking and moving, and he appeared to be under the influence of substances. Pacheco also appeared to be unable to comprehend what was going on and he was unaware as to where he was. Pacheco was placed in the back of the police car as officers searched his vehicle. While in the back of the patrol car, Pacheco was "nodding off."

¶4　　　　Officers recovered the bag of foils and the white crystallized substance, and additionally located a marijuana cigarette in the center console, a container of marijuana, two small bags of Xanax bars, rolling papers, a marijuana grinder, $1,036 in cash, four cell phones, and an empty holster. Officers opened the bag of tin foils, and within each of twenty tin foils was a brown, tar-like substance. The white crystalline substance tested positive for methamphetamine, and the brown tar-like substance tested positive for heroin. Pacheco's blood was drawn, and he tested positive for THC or cannabis, amphetamines, and methamphetamines. Pacheco was

arrested and charged with possession of dangerous drugs, possession of narcotic drugs, and possession of drug paraphernalia.

¶5        The State offered Pacheco a plea agreement to conspiracy to possess dangerous drugs, a Class 4 felony, stipulating to a prison term in the range of one year to three-and-three-quarter years, with a presumptive term of two-and-a-half years.  Pacheco rejected the offer.  Several months later, the State again extended a new plea offer, this time to plead guilty to possession of a dangerous drug, a Class 4 felony, with one prior felony conviction, in the range of two-and-a-quarter years to seven-and-a-half years.  Pacheco again rejected the offer.  The State offered Pacheco a final plea offer of possession of narcotic drugs, a Class 4 felony, with two historical priors, with a range of six to eight years in prison.  Pacheco rejected the offer and proceeded to trial.

¶6        On the second day of trial, Pacheco was not present, and the State sought to proceed in absentia.  Defense counsel stated Pacheco's absence was due to car issues.  The court ruled that any motion to continue would be denied, granted the State's motion for trial in absentia, and issued a bench warrant.  Following the State's presentation of evidence, Defense moved for an Arizona Rule of Criminal Procedure ("Rule") 20 judgment of acquittal, and the court denied it, finding the State had presented substantial evidence of guilt.  The jury returned guilty verdicts for one count of possessing dangerous drugs and one count of possessing narcotic drugs, but found Pacheco not guilty as to the charge of possessing drug paraphernalia.

¶7        The superior court conducted the sentencing hearing in compliance with Pacheco's constitutional rights and Rule 26.  The court considered aggravating factors of Pacheco's prior felony convictions, lengthy criminal record, and previous time served in prison.  The court considered mitigating factors of Pacheco's drug addiction and desire to seek rehabilitation, his prior gang affiliation, his consistent employment, his plans to further his education, and his strong family support.  Pacheco was sentenced to two presumptive terms of four-and-a-half years to be served concurrently, with a presentence incarceration credit of 136 days.  For Count 1, the court imposed a time payment fee of $20, drug offense fine of $3,660, warrant charge of $45, probation assessment of $20, criminal penalty

assessment of $13, and victim rights enforcement assessment of $2. For Count 2, the court imposed a drug offense fine of $1,830.[1]

## DISCUSSION

**¶8**         We review Pacheco's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Pacheco has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Pacheco at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Pacheco's convictions and sentences.

**¶9**         Upon the filing of this decision, defense counsel shall inform Pacheco of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Pacheco shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶10**         For the foregoing reasons, we affirm Pacheco's convictions and sentences.

AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[1]      While on release for this case, Pacheco additionally committed forgery, a Class 4 non-dangerous felony and possession or use of dangerous drugs, a Class 4 felony. Pacheco pled guilty to the charges, and he received seven-and-a-half years for the additional drug charge, to run concurrently, and three years of supervised probation for the forgery charge.